UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MILLER HILKEY, JR., | No. 2:17-cv-02674-TLN-CKD PS |
| Plaintiff, | |
| v. | ORDER AND FINDING AND RECOMMENDATIONS |
| ALAN ZANE SAVAGE, et al., | |
| Defendants. | |

I. INTRODUCTION

Plaintiff Charles Miller Hilkey, Jr., proceeding without counsel, commenced the instant action against defendants Alan Savage, Daniel Kalt, and Michael Beckwith in Nevada County Superior Court on November 20, 2017. (ECF No. 1 at 4–23.) On December 22, 2017, defendant the United States of America removed this matter to federal court, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1442(a)(3), because the complaint makes allegations against Mr. Beckwith, a civilian employee of the United States Department of Justice and officer of the courts of the United States. (Id. at 1–2.)[1]

////

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

|   |   |
|---|---|
| 1 | Presently pending before the court are defendants' motions to dismiss plaintiff's |
| 2 | complaint.  (ECF Nos. 5, 6.)  Plaintiff opposed these motions and defendants replied.  (ECF Nos. |
| 3 | 12–15.)  These motions came on regularly for hearing on January 24, 2018.  Present at the |
| 4 | hearing were *pro se* plaintiff Charles M. Hilkey, Jr.; Gregory T. Broderick for defendant the |
| 5 | United States; and Douglas R. Roeca for defendants Alan Savage and Daniel Kalt.  Upon review |
| 6 | of the documents in support and opposition, upon hearing the arguments of counsel, and good |
| 7 | cause appearing therefor, THE COURT FINDS AS FOLLOWS: |

II.     BACKGROUND

On February 21, 2012, plaintiff pled guilty to federal charges of conspiracy to manufacture marijuana and structuring transactions to evade reporting requirements.  (See ECF No. 1 at 6.)  According to plaintiff, as part of the plea agreement he was to forfeit various assets, but retained the right to buy back a certain 127-acre parcel of real property (with assessor parcel numbers of 61-070-08 and 61-140-37) for fair market value in lieu of forfeiture.  (Id.)  Plaintiff alleges that Mr. Beckwith and the United States breached the plea agreement by refusing to allow plaintiff to buy back the property—instead selling it to real-estate developers Savage and Kalt— and by failing to make certain agreed-upon sentencing recommendations.  (Id. at 7–14.)  Plaintiff also alleges that defendants Savage and Kalt hired him to perform excavation and construction work, and sought his assistance with purchasing other property than the 127-acre parcel in dispute, but failed to pay plaintiff for the services he performed.  (Id. at 14–15.)

Plaintiff asserts the following claims against all defendants: (1) breach of contract; (2) promissory estoppel; (3) unjust enrichment; (4) breach of the covenant of good faith and fair dealing; and (5) quiet title.  (Id.)

    A.    Plaintiff's Prior Cases

In 2013, plaintiff filed a motion for post-conviction relief in this court. (See 2:09-cr-412-MCE-KJN[2].)  In that action plaintiff argued that the United States had breached the plea agreement at issue by refusing to allow plaintiff to buy back the above-mentioned property at fair

---

[2] The court may take judicial notice of court filings and other matters of public record.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

market value and by not making the agreed-upon sentencing recommendations. Id. at ECF 200. The court denied relief, specifically finding that the United States had not breached the plea agreement. Id. at ECF 230, 245.

In 2017, plaintiff filed a federal civil complaint against the United States, Alan Savage, and Daniel Kalt. (2:17-cv-1105-KJN, ECF No. 1.) Plaintiff's first amended complaint in that action included the identical allegations and claims as the complaint in the current case. (See Id., ECF No. 19.) On October 4, 2017, the court dismissed the entire prior civil action for lack of subject matter jurisdiction. (See Id., ECF No. 33.)

The instant action was filed in state court on November 20, 2017. (ECF No. 1 at 21.)

B. Current Case

The only significant differences between plaintiff's prior and instant civil actions are that plaintiff filed the prior action in federal court, naming the United States, and not Mr. Beckwith, as a defendant; whereas he filed the instant action in state court, naming Mr. Beckwith, and not the United States, as a defendant. Still, in the instant action, the complaint repeatedly refers to the alleged actions of the United States, intimating that plaintiff may have inadvertently failed to name the United States as a defendant. (See ECF No. 1 at 4–19.) Similarly, plaintiff's first amended complaint in the prior action indicates that he had intended to name Mr. Beckwith as a defendant in that matter as well. (See 2:17-cv-1105-KJN, ECF No. 19, 33.)

In the instant action, the United States has substituted itself for Mr. Beckwith as a defendant for plaintiff's second (promissory estoppel), third (unjust enrichment), and fourth (breach of the covenant of good faith and fair dealing) claims only, pursuant to 28 U.S.C. § 2679. (See ECF No. 3.)[3] Defendants' motions to dismiss followed. (ECF Nos. 5, 6.)

---

[3] As the Ninth Circuit Court of Appeals has explained,

> The purpose of [the substitution provision of] the Federal Tort Claims Act [28 U.S.C. § 2679(d)(1)] was to "remove the potential personal liability of Federal employees for common law torts committed within the scope of their employment, and . . . instead provide that the exclusive remedy for such torts is through an action against the United States under the Federal Tort Claims Act." H.R.Rep. No. 700, 100th Cong., 2d Sess. 4 (1988).

3

III.     DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted and internal punctuation modified).

Further, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

As the Ninth Circuit Court of Appeals observed, "[s]overeign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity. The Supreme Court has frequently held that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (internal citations omitted and internal punctuation modified).

Additionally, because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

---

Billings v. United States, 57 F.3d 797, 799–800 (9th Cir. 1995). Because plaintiff's first (breach of contract) and fifth (quiet title) claims are not common law tort claims, the Unites States did not substitute itself for Mr. Beckwith as to those claims.

4

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance," Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In regards to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks omitted).

With the above principles in mind, the court turns to plaintiff's claims.

////

////

A. <u>Sovereign Immunity (Claims Against the United States)</u>

Here, as in plaintiff's prior civil action, the court lacks subject matter jurisdiction over plaintiff's claims against the United States because plaintiff has failed to demonstrate that the United States has waived its sovereign immunity for these claims. (<u>See</u> 2:17-cv-1105-KJN, ECF No. 33.) The court so finds, even though the United States did not raise this as a defense in the instant matter. Since sovereign immunity is an important limitation on the court's subject matter jurisdiction, it is proper for the court to consider the issue *sua sponte*. See <u>United Investors Life Ins. Co.</u>, 360 F.3d at 967; <u>Vacek</u>, 447 F.3d at 1250. Also, the waiver of sovereign immunity is to be strictly construed in favor of the United States. See <u>Vacek</u>, 447 F.3d at 1250. Here, there is no indication that the United States has waived its immunity in favor of allowing plaintiff to bring this action. Therefore, the court lacks subject matter jurisdiction over plaintiff's second, third, and fourth claims against the United States.

Additionally, while the Unites States did not substitute itself as a defendant for plaintiff's fifth claim (quiet title), it is worth noting that the Quiet Title Act provides that "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a(a). However, plaintiff's claim here does not meet the narrow terms of that waiver of sovereign immunity, because the United States has disclaimed any interest in the 127-acre parcel of property at issue, which has been sold to defendants Savage and Kalt. <u>See</u> 28 U.S.C. § 2409a(e) ("If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease. . . ."; <u>see also</u> <u>Alaska v. United States</u>, 201 F.3d 1154, 1164 (9th Cir. 2000) (to fit within the sovereign immunity waiver, "there must be a dispute between the United States and the plaintiff in the Quiet Title Act suit").

B. <u>Prosecutorial Immunity (Claims Against Michael Beckwith)</u>

Similarly, as in plaintiff's prior civil action, all claims asserted against Michael Beckwith, the Assistant U.S. Attorney who represented the United States in plaintiff's criminal case, are

subject to dismissal because Mr. Beckwith is protected by absolute prosecutorial immunity. See Fry v. Melaragno, 939 F.2d 832, 836 (9th Cir. 1991); 2:17-cv-1105-KJN, ECF No. 33. The court so finds, even though this defense was not raised in the instant matter. As the Supreme Court has held, a prosecutor is entitled to absolute immunity from suit concerning activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Because immunity from suit is a limitation on this court's jurisdiction, it is proper for the court to consider the issue *sua sponte*. See United Investors Life Ins. Co., 360 F.3d at 967.

All of the alleged acts performed by Mr. Beckwith in this matter pertain to a plaintiff's plea agreement. These actions were intimately associated with the judicial phase of plaintiff's criminal conviction. As, such Mr. Beckwith is absolutely immune from suit related to those actions. (Id.)[4]

    C.    Claim Preclusion (Claims against the United States and Michael Beckwith)

Even if the United States had waived its sovereign immunity and Mr. Beckwith were not protected by prosecutorial immunity, plaintiff's claims against the United States and Mr. Beckwith are barred by the doctrine of claim preclusion.

Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. . . . The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (internal citations and quotation marks omitted). The Ninth Circuit has identified four factors that should be considered by a court in determining whether successive lawsuits involve an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;
>
> (2) whether substantially the same evidence is presented in the two actions;

---

[4] During the hearing, Mr. Broderick asserted that Mr. Beckwith has not been properly served by plaintiff. This issue is not before the court, nor has it been briefed by either party. In any event, the issue is moot, because even if service were proper, plaintiff's claims against Mr. Beckwith are precluded by prosecutorial immunity and claim preclusion, as explained.

> (3) whether the two suits involve infringement of the same right; and
>
> (4) whether the two suits arise out of the same transactional nucleus of facts.

See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987); accord Headwaters Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005); Littlejohn v. United States, 321 F.3d 915, 920 (9th Cir. 2003). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens, 244 F.3d at 714.

1. *Identity of Claims*

In plaintiff's underlying criminal case, he sought post-conviction relief and argued that the United States and Mr. Beckwith had breached the plea agreement by refusing to allow plaintiff to buy back the 127-acre property (with assessor parcel numbers of 61-070-08 and 61-140-37) at fair market value and by not making the agreed-upon sentencing recommendations. (See 2:09-cr-412-MCE-KJN, ECF No. 224 at 9–13.) Indeed, plaintiff's complaint that the United States and Mr. Beckwith breached the plea agreement is the same as plaintiff's current claim of breach of contract against the United States and Mr. Beckwith. (Compare 2:09-cr-412-MCE-KJN, ECF No. 224 at 22–27, with 2:17-cv-02674-TLN-CKD, ECF No. 1 at 15.)

In light of the above, both actions clearly arise out of the same transactional nucleus of facts; both involve alleged infringement of the same rights; both would involve the presentation of substantially the same evidence; and the rights or interests established in the prior judgment would be destroyed or impaired by allowing plaintiff to prosecute the instant action against the United States and Mr. Beckwith. See C.D. Anderson & Co., 832 F.2d at 1100.

Therefore, there is an identity of claims between the prior attempt at post-conviction relief and the instant civil action. Even if plaintiff's present complaint could somehow be construed as asserting claims under different or additional statutes, these claims are simply new legal theories arising from the same transactional nucleus of facts and could have been raised in the prior action. See Owens, 244 F.3d at 713-14; C.D. Anderson & Co., 832 F.2d at 1100.

////

2.    *A Final Judgment on the Merits*

In the prior criminal action the district court denied post-conviction relief and explicitly concluded that the United States had not breached the plea agreement. (See 2:09-cr-412-MCE-KJN, ECF Nos. 230, 245.) The court explained that "[b]ecause the express terms of the plea agreement did not obligate the government to allow movant to buy back the property for fair market value, or to recommend a 50% reduction in movant's sentence, the government's failure to do so does not constitute breach of the plea agreement." (Id., ECF No. 230 at 10.) As a final order of the district court, the denial of post-conviction relief is a final judgment on the merits of plaintiff's claims for breach of plea agreement and breach of contract against the United States and Mr. Beckwith.

3.    *Identity or Privity Between Parties*

There is no question that the prior action and the instant action involve the same parties, i.e., plaintiff/movant Charles Miller Hilkey, Jr., and defendants/respondents the United States and Michael Beckwith.

Therefore, claim preclusion bars plaintiff's claims against defendants the United States and Michael Beckwith in this action.

D.    Claims Against Alan Savage and Daniel Kalt

The court lacks subject matter jurisdiction over plaintiff's claims against defendants Savage and Kalt and defendants have failed to establish that removal of these claims was proper. See Provincial Gov't of Marinduque, 582 F.3d at 1087. As such these claims must be remanded to state court. See Geographic Expeditions, Inc., 599 F.3d at 1107.

First, the court lacks subject matter jurisdiction over plaintiff's claims against defendants Savage and Kalt because the parties are not diverse, and the claims arise under state law. See 28 U.S.C. §§ 1331, 1332. Second, there is no basis for the court to exercise supplemental jurisdiction over these state law claims because the court otherwise lacks federal question subject matter jurisdiction over the rest of plaintiff's complaint. See 28 U.S.C. §§ 1331, 1367. As explained, the court lacks jurisdiction over the claims against defendants the United States and Mr. Beckwith—claims that are nonetheless barred by claim preclusion. Hence, there are no

claims that survive in plaintiff's complaint "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, the court does not have subject matter jurisdiction over plaintiff's claims against defendants Savage and Kalt, and remand of these claims is necessary.

Defendants Savage and Kalt request that the court dismiss plaintiff's quiet title claim with prejudice based on the doctrine of collateral estoppel, due to the court's prior ruling on plaintiff's motion for post-conviction relief in the underlying criminal case. (See ECF Nos. 6, 6-1; 2:09-cr-412-MCE-KJN, ECF Nos. 230, 245.) Because the court lacks subject matter jurisdiction over the claims against defendants Savage and Kalt, however, there was no right to remove these claims to federal court in the first instance. See Geographic Expeditions, Inc., 599 F.3d at 1107. Thus, the court cannot reach the merits of the quiet title claim raised against Savage and Kalt.

IV. CONCLUSION

The court is not unsympathetic to plaintiff's situation. However, this is the third time that plaintiff has brought these issues before this court. It has been thoroughly established that the government did not breach the plea agreement in question, and that this court otherwise lacks subject matter jurisdiction over plaintiff's claims. (See 2:09-cr-412-MCE-KJN, ECF Nos. 230, 245; 2:17-cv-1105-KJN, ECF No. 33.) For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss by defendant the United States of America (ECF No. 5) be GRANTED.
2. All claims against defendants the United States of America and Michael Beckwith be DISMISSED with prejudice.
3. The motion to dismiss by defendants Alan Savage and Daniel Kalt (ECF No. 6) be GRANTED IN PART.
4. All claims against defendants Alan Savage and Daniel Kalt be REMANDED to the Nevada County Superior Court.
5. The Clerk of Court be directed to serve a certified copy of the order on the Clerk of the Nevada County Superior Court, and reference the state case number (CU17-

082569) in the proof of service.

6. The Clerk of Court be directed to close this case and vacate all dates.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 31, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/ps.Hilkey.17-2674.Order re Motions to Dismiss

11